# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# FIFTH AMENDED GENERAL ORDER 20-0012

## July 10, 2020

## IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY

Given the public health emergency arising from the COVID-19 pandemic, and consistent with guidance and orders from federal executive authorities, the State of Illinois, and local governments, it is hereby ORDERED:

Amended General Order 20-0012, entered on March 17, 2020; General Order 20-0014, entered on March 20, 2020; Second Amended General Order 20-0012, entered on March 30, 2020; Third Amended General Order 20-0012, entered on April 24, 2020; and Fourth Amended General Order 20-0012, entered on May 26, 2020, are vacated and superseded by this Fifth Amended General Order. To protect the public health and welfare, the United States District Court for the Northern District of Illinois hereby orders, effective July 13, 2020:

### Court Remains Open

1. This Court remains open and accessible, subject to the limitations and procedures set forth below.

### Civil Cases

2. This Fifth Amended General Order does not extend any deadlines in civil cases.

3. Civil case hearings, bench trials, and settlement conferences may be scheduled and conducted by the presiding judge by remote means. In-court hearings are limited to urgent matters that cannot be conducted remotely.

4. Civil jury trials will not be conducted before August 3, 2020, and trials set to begin before August 3, 2020, will be reset by the presiding judge.

**Criminal Cases**

5. The Court recognizes and respects the right of criminal defendants, particularly those in pretrial detention, to a speedy and public trial under the Sixth Amendment. That said, the public health emergency requires that the following procedures be implemented in criminal cases:

   a) Grand juries shall continue to meet, with reasonable limits on grand jury sessions imposed by the Court in consultation with the U.S. Attorney's Office.

   b) Under Criminal Rule 4.1, a judge may review by reliable electronic means, rather than in person, a complaint, application for search warrant or trap/trace/pen register, application for wiretap, or application for any other warrant or order.

   c) Under Section 15002(b)(1) of the CARES Act, Pub. L. 116-136, 134 Stat. 281, and until September 14, 2020, unless this provision is terminated earlier, the Chief Judge of this Court authorizes the use of videoconferencing, or teleconferencing if videoconferencing is not reasonably available, for the following proceedings, so long as the defendant gives written or verbal consent after consultation with counsel:

      i. Detention hearings under 18 U.S.C. § 3142;
      ii. Initial appearances under Criminal Rule 5;
      iii. Preliminary hearings under Criminal Rule 5.1;
      iv. Waivers of indictment under Criminal Rule 7(b);
      v. Arraignments under Criminal Rule 10;
      vi. Probation and supervised release revocation hearings under Criminal Rule 32.1;
      vii. Pretrial release revocation hearings under 18 U.S.C. § 3148;

      viii.    Appearances under Criminal Rule 40;

      ix.    Misdemeanor pleas and sentencings under Criminal Rule 43(b)(2); and

      x.    Juvenile proceedings under Title 18, Chapter 403, except for contested transfer hearings, juvenile delinquency adjudication, or trial proceedings.

d) A defendant who does not object to detention shall, before the scheduled detention hearing, notify the presiding judge orally (through counsel) or in writing that the defendant has no objection to detention. The decision to not object is without prejudice to the defendant's right to later challenge detention and seek pretrial release.

e) Under Section 15002(b)(2)(A) of the CARES Act, and by General Order 20-0022, entered on June 12, 2020, the Chief Judge found that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this district without seriously jeopardizing public health and safety. As a result, if a judge in an individual case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, for the felony plea or sentencing in that case. Felony plea or sentencing hearings may be conducted by videoconferencing or teleconferencing subject to the assigned judge making the required findings under Section 15002(b)(2)(A).

f) The court finds that the period of any continuance entered from the date of this Fifth Amended General Order through September 14, 2020, as a result

of this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A). The court finds that the ends of justice served by the exclusion of time outweigh the interests of the parties and the public in a speedy trial given the need to protect the health and safety of defendants, defense counsel, prosecutors, court staff, and the public by reducing the number of in-person hearings to the greatest extent possible.

g) Criminal jury trials will not be conducted before August 3, 2020, and trials scheduled to begin before August 3, 2020, will be reset by the presiding judge. This continuance is necessary because criminal jury trials require: (i) the gathering of a large number of persons in the Jury Department; (ii) at least 12 jurors seated in the courtroom to hear evidence; (iii) 12 jurors to deliberate in the jury room; and (iv) five to six weeks' notice in advance of trial to summon jurors. The advance-notice requirement makes any earlier date impractical because it is not known what large-gathering guidelines will be in place. Social-distancing guidelines might render juror participation difficult or unsafe, including during juror check-in and jury selection. For these same reasons, in cases impacted by this trial continuance, the Court excludes time under the Speedy Trial Act through September 14, 2020, because the ends of justice outweigh the interests of the parties and the public in a speedy trial.

### Emergency Relief in Any Case or from this Order

6. Any party may seek emergency relief in any case or from this Fifth Amended General Order. **Emergency motions must be filed in the case in which emergency relief is sought.** Any emergency motion must be filed (a) electronically via CM/ECF or (b) for pro se non-e-filers, via email as outlined in Paragraph 12. If neither CM/ECF nor email

is available to a party, then the party may deposit the emergency motion in a courthouse drop-box, mail the motion, or deliver it to the intake desk at the Clerk's Office. The emergency motion will be considered as soon as practicable by the presiding judge, an emergency judge, or the Chief Judge. **Case No. 20-cv-01792**, which is a docket created to receive emergency motions filed under earlier General Orders, **is now limited to emergency motions for release from pretrial or presentence detention**. Emergency motions for release from pretrial or presentence detention must be filed on two dockets: (1) the docket of the case in which relief is sought and (2) Case No. 20-cv-01792. Motions seeking modification of an imposed term of imprisonment (compassionate release or a First-Step-Act sentence reduction) under 18 U.S.C. § 3582(c)(1)(A) must be filed only on the docket of the criminal case.

7. For an emergency matter, as defined by Local Rule 77.2(a)(3), that arises during business hours (Monday through Friday 7:00 a.m. through 6:00 p.m.), the party shall consult the presiding judge's website and alert the presiding judge's courtroom deputy of the filing. If an emergency matter arises outside of business hours, the party shall call (312) 702-8875, leave a message describing the emergency, and provide a return telephone number. The Clerk will return the call. Parties should consult the Court's website for up-to-date procedures for emergencies.

### Clerk's Office and Filing Options

8. The Clerk's Office in the Eastern Division is open during normal business hours. Filings in the Eastern Division may be: (a) electronically filed via CM/ECF; (b) deposited in the drop-box in the lobby of the Dirksen Courthouse; (c) mailed to the U.S. District Court Clerk's Office, 219 South Dearborn Street, 20th Floor, Chicago, IL 60604; or (d) in person at the intake counter of the Clerk's Office located on the 20th floor of the Dirksen Courthouse during business hours. If a filing is mailed by a prisoner, the traditional "mail box" rule shall govern its filing date. If a filing is mailed by a non-

prisoner, the filing date shall be deemed to be the postmark date, subject to any party's right to move that a different date be used. No in-person deliveries of any kind may be made to a judge's chambers.

9. The Clerk's Office in the Western Division is open during normal business hours. Filings in the Western Division may be: (a) electronically filed via CM/ECF; (b) deposited in the drop box located on the 2nd floor of the Roszkowski United States Courthouse during business hours; (c) mailed to U.S. District Court Clerk's Office, 327 South Church Street, Rockford, IL 61101; or (d) in person at the intake counter of the Clerk's Office located on the 2nd floor of the Roszkowski Courthouse during business hours. If a filing is mailed by a prisoner, the traditional "mail box" rule shall govern its filing date. If a filing is mailed by a non-prisoner, the filing date shall be deemed to be the postmark date, subject to any party's right to move that a different date be used. No in-person deliveries of any kind may be made to a judge's chambers.

### Suspension of Local Rules 5.2(f) and 5.3(b)

10. The Court suspends Local Rule 5.2(f), which requires in many instances that paper courtesy copies of filings be delivered to the judge, through September 14, 2020. No courtesy copies may be submitted for filings unless the parties receive case-specific requests for copies from the presiding judge.

11. The Court suspends Local Rule 5.3(b), which otherwise requires that all motions be noticed for presentment. **No motions may be noticed for in-person presentment**; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding.

### Email Filing Option for Pro Se Parties

12. The Court suspends through September 14, 2020, the prohibition against pro se parties emailing their filings to the Clerk's Office. From now through September 14, 2020, the Court will accept filings from pro se litigants via email that comply with these

requirements: (a) the filing must be in PDF format; (b) the filing must be signed s/ [filer's name] or bear a handwritten signature; (c) the email must be sent to Temporary_E-Filing@ilnd.uscourts.gov; (d) the email must state the party's name, address, and phone number; (e) for existing cases, the email's subject line must read: "Pro Se Filing [Insert Your Case Number]", and for new cases, the email's subject line must read: "Pro Se Filing in New Case". E-mails that do not comply with these requirements will not be reviewed and will not be considered a proper filing.

## Suspension of Public Gatherings

13. All public gatherings are suspended through September 14, 2020, at both the Everett McKinley Dirksen U.S. Courthouse in Chicago and the Stanley J. Roszkowski U.S. Courthouse in Rockford, unless specifically authorized by the Chief Judge. This includes, but is not limited to, group tours and visits, moot courts and mock trials, bar group meetings, and seminars.

14. In-court proceedings for Second Chance reentry court, SOAR Court, Veterans Treatment court, naturalization ceremonies, and Petty Offense (CVB) may be scheduled by presiding judges and conducted consistently with social-distancing guidelines. Court proceedings allowed by another provision of this Order may take place.

## Additional Provisions

15. This Fifth Amended General Order does not affect the authority of judges to enter orders in any civil or criminal cases. The parties **must consult** individual judges' websites for any modifications to the case-management requirements of this Order.

16. The Court will vacate, amend, or extend this Fifth Amended General Order no later than September 14, 2020.

17. The Clerk of Court shall distribute this Fifth Amended General Order: by electronic service on all registered CM/ECF users and by electronically posting the Order on the

Court's public website. In addition, the Clerk of Court shall send a copy of this Order, either electronically or by mail, to the Illinois Department of Corrections (IDOC), all IDOC prison or detention facilities, the Illinois Department of Human Services Division of Mental Health Treatment and Detention Facility, and all county jails in this District; the warden, sheriff, or director of each prison, jail, or detention facility is directed to use reasonable means to notify persons incarcerated or detained therein of this Order and to allow access to this Order. In addition, the Clerk of Court shall docket this Order in each open civil and criminal case. Printed copies will not be mailed to non-CM/ECF users due to the heavy burden such mailings would place on the Clerk's Office.

ENTER:

FOR THE COURT:

_____
Chief Judge

Dated at Chicago, Illinois this 10th day of July 2020